THE STATE *v.* THE NEW ORLEANS AND NASHVILLE RAIL
ROAD COMPANY.

The mortgage or privilege of the State, under the act of 13th March, 1837, to expe-
dite the construction of the New Orleans and Nashville Rail Road, authorizing a loan
to the Rail Road Company on the execution of a mortgage in favor of the State to
secure its repayment, does not extend to property acquired after the date of the
mortgage.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.
*Dufour,* District Attorney, for the State.
*Hoffman,* for the appellants.
BULLARD J.   The statement of facts in this case shows :   That
the state caused the whole of the property of the defendants to be
sold on the 20th of August, 1842, under an order of seizure and
sale upon a mortgage given to the State pursuant to the provisions
of the act of the Legislature, of 1838, entitled " An act to expe-
dite the construction of the New Orleans and Nashville Rail
Road."   That several slaves, among other property, were sold, and
brought $6060, which were purchased by the company after the
date of the mortgage.   That the intervenors, Painter, Layton
& Co., and Richardson & Gosslin, obtained judgments against
the company, which were recorded in the office of the Recorder
of Mortgages before the sale, under the order of seizure ; and that
they claimed to be paid by preference out of the proceeds of the
sale of the seven slaves acquired after the date of the mortgage,
and privilege to the state.   Their pretensions were rejected, and
they have appealed.
We see no substantial difference between this case and that of
the *State* v. *The Mexican Gulf Railway Company,* recently de-
cided, (3 Robinson, 513,) in which we held that the lien mortgage,
or privilege of the state, did not extend to property acquired after
the date of the act.   In neither case does the mortgage extend in
terms to future property, and in this respect there is no difference
between the acts of 1837, and of 1838.   In both cases the mort-
gage is essentially conventional, and does not extend to the future
acquisitions of the company.   The court, therefore, erred, in our

opinion, in overruling the oppositions of the judgment creditors, who were entitled to be paid out of the proceeds of the slaves not embraced in the mortgage to the state.

It is therefore ordered and decreed, that the judgment of the District Court, so far as it relates to the opposition of George W. Painter, Layton & Company, and Richardson & Gosslin, be reversed ; and it is further ordered, that the said oppositions be sustained, and that the opposing creditors be paid the amounts of their judgments respectively, out of the proceeds of the sale of the seven slaves named in the record.

---

SAME CASE.   ON AN APPLICATION FOR A REHEARING.

BULLARD, J.   Dr. Harrison and M. J. B. Harrison ask for a rehearing in this case, on the ground that they were overlooked in the judgment first rendered.   There are many reasons why this should not be granted.   In the first place, the record was so informal and loosely made up, that we could ascertain only by conjecture who were appellants.   In the second place, no points were filed, which could enable us to see, on what the petitioners relied in support of their claims ; and lastly, they did not show a judgment against the company, which established, either their demands, or that they were entitled to any privilege.   The case before the District Court was not in such a state as to authorize the petitioners, having no judgment, to come in and ask to participate in the distribution of a particular fund.

The rehearing is refused.

*Hoffman*, for the rehearing.